JOURNAL ENTRY AND OPINION
{¶ 1} The State of Ohio appeals from the order of the trial court that suppressed evidence obtained against defendant Charles Williams. For the reasons set forth below, we affirm.
 {¶ 2} On March 17, 2008, defendant Charles Williams was indicted for one count of possession of less than five grams of cocaine. He pled not guilty and moved to suppress the evidence obtained against him.
 {¶ 3} A suppression hearing was held on July 10, 2008. The state's evidence demonstrated that on January 18, 2008, defendant advised CMHA police that his girlfriend was refusing to leave his apartment. Defendant's girlfriend, Elaine Miller, let Officer Thomas Azzano into the apartment. Azzano inquired as to who was in the apartment, and Miller indicated that only she and her young daughter were present. Defendant returned to the apartment, and Azzano determined that he smelled of alcohol.
 {¶ 4} According to Azzano, defendant and Miller began to argue. Azzano again inquired about who was present in the apartment, and glanced about. Miller and defendant then accused one another of using crack, and Miller stated that defendant had a crack pipe on his headboard. At that point, Azzano looked into the room and noticed the pipe, then arrested defendant.
 {¶ 5} Miller testified that she was visiting defendant and he subsequently asked her to leave, then left to contact police. Azzano arrived and she told him that she did not live there. According to Miller, Azzano then walked about the apartment. After defendant returned, she went to the bedroom to get her things. At this time, *Page 4 
she showed him the crack pipe. Miller further testified that she found the pipe in the apartment elevator and brought it into the apartment in order to bring it to the attention of the management.
 {¶ 6} The trial court granted defendant's motion to suppress.[1] The state now appeals and assigns a single error for our review.
 {¶ 7} For its sole assignment of error, the State of Ohio asserts that the trial court erred in granting the motion to suppress. In support of this claim, the state maintains that the officer was lawfully on the premises, and that the crack pipe was in plain view.
 {¶ 8} The Fourth Amendment states that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." The Supreme Court has consistently held that only "reasonable" searches are allowed by the Fourth Amendment, and that searches without a warrant are "per se unreasonable" except in a few well-defined and carefully circumscribed instances. Katz v. United States (1967), 389 U.S. 347, 357,88 S.Ct. 507, 19 L.Ed.2d 576.
 {¶ 9} One recognized exception to the warrant requirement is a search conducted based on consent. Schneckloth v. Bustamonte (1973),412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854. The state must prove that the consent was freely and *Page 5 
voluntarily given, as demonstrated by a totality of the circumstances. Id.
 {¶ 10} It is also well-settled that voluntary consent provided by a third party is sufficient to support a search if that third party possesses common authority over or other sufficient relationship to the premises or effects sought to be inspected. United States v.Matlock (1974), 415 U.S. 164, 165-166, 94 S.Ct. 988, 990,39 L.Ed.2d 242, 246; State v. Sneed (1992), 63 Ohio St.3d 3, 584 N.E.2d 1160. Accord, Georgia v. Randolph (2006), 547 U.S. 103, 105, 126 S.Ct. 1515,164 L.Ed.2d 208; Illinois v. Rodriguez (1990), 497 U.S. 177,110 S.Ct. 2793, 111 L.Ed.2d 148. The burden of establishing that common authority rests upon the state. Id.
 {¶ 11} Another exception to the warrant requirement includes evidence found in plain view. "[T]o justify the warrantless seizure of an item under the plain view doctrine: (1) the seizing officer must be lawfully present at the place from which he can plainly view the evidence; (2) the officer has a lawful right of access to the object itself; and (3) it is immediately apparent that the item seized is incriminating on its face." Horton v. California (1990), 496 U.S. 128, 136-37,110 S. Ct. 2301, 110 L.Ed.2d 112; State v. Waddy (1992), 63 Ohio St.3d 424, 442,588 N.E.2d 819; State v. Davis, Cuyahoga App. No. 87964, 2007-Ohio-408.
 {¶ 12} In this matter, the record indicates that Azzano was informed that Miller did not live at the apartment and it is clear that no lawful claim of consent to search could be given by Miller. We further reject the claim that the crack pipe was in plain *Page 6 
view. Officer Azzano testified that he did not observe the pipe until Miller pointed it out to him in an adjoining room.
 {¶ 13} In accordance with the foregoing, the assignment of error is not well-taken. The order of the trial court which suppressed the evidence obtained in this matter is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, P.J., and LARRY A. JONES, J., CONCUR.
[1] The parties note that the trial court did not make findings of fact and conclusions of law but they agree that the record is sufficient to accommodate appellate review.
 *Page 1